# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JIMMY LEWIS THOMAS,

        Plaintiff,                             Case Number: 2:08-CV-10961

v.                                                  HON. DENISE PAGE HOOD

PATRICIA CARUSO,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

**I.    INTRODUCTION**

Plaintiff Jimmy Lee Lewis, a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee for this action, pursuant to 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the claims against Defendant Jeff White pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1404(a), this Court transfers the remainder of Plaintiff's complaint to the United States District Court for the Western District of

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

. . .

(B) the action or appeal –

. . .

(ii) fails to state a claim upon which relief may be granted . . .

Michigan.

## II.     LEGAL STANDARD

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's claims against defendant White are subject to dismissal.

## III.    ANALYSIS

Plaintiff has named multiple Michigan Department of Corrections (MDOC) officials and employees as defendants. He alleges that defendants have violated his right of access to the courts, placed him on "modified access," which limits his ability to utilize the prison grievance process, and retaliated against him for filing complaints in federal court.

Defendant Jeff White, warden of the Charles Egeler Correctional Facility in Jackson, Michigan, is the only defendant residing in the Eastern District of Michigan. Plaintiff alleges that Defendant White conspired with the state court judge who presided over his criminal trial

and the prosecutor who prosecuted the case to convict him of the crimes pursuant to which he is currently incarcerated.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff's claim regarding defendant White's alleged conspiracy with the trial court judge and prosecutor challenges the fact of his confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

A judgment in favor of Plaintiff on his claim that Defendant White conspired with the state court judge and prosecutor to unlawfully convict him would imply the invalidity of his convictions. Neither Plaintiff's convictions nor his sentences have been overturned or declared invalid. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, with respect to this claim.

He further claims that Defendant White restricted his right of access to the courts by

placing him on "modified access."  The Michigan Department of Corrections' established prisoner grievance procedures allow prison officials to place a prisoner on "modified access status" when the prisoner has filed excessive numbers of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language.  *See* MDOC Policy Directive 03.02.130.HH.  While on modified access, the prisoner must request grievance forms through the Step I Grievance Coordinator.  The Step I Grievance Coordinator determines whether the issue the prisoner wishes to grieve is grievable, non-duplicative and does not contain prohibited language.  If the issue meets these standards, a grievance form is provided.  *See id.* at 03.02.130.KK.

The Sixth Circuit Court of Appeals has held that placement of a prisoner on modified access status "does not impinge upon a prisoner's ability to file either meritorious grievances in prison or actions in federal court."  *Walker v. Michigan Dept. of Corrections*, 128 Fed. Appx. 441, 446 (6th Cir. 2005).  The Court reasoned, first, that the "the fact that [a prisoner's] grievances must first be screened by a grievance officer prior to their consideration in the normal grievance process does not mean that he is unable to file non-frivolous grievances, nor that they will not be properly heard."  *Id.*  If a grievance is improperly dismissed by a grievance officer, the prisoner may then petition a court for redress.  Plaintiff has not been prevented from exhausting his administrative remedies by being placed on modified access.  "[I]f a grievance officer dismissed a non-frivolous complaint . . ., that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted."  *Id*.

The Court concludes that Plaintiff's claim that his rights have been violated by being

4

placed on modified access fails to state a claim upon which relief may be granted, and shall dismiss Defendant White.

Venue is appropriate in the judicial district where either all defendants reside or where the claims arose. 28 U.S.C. § 1391(b); *Al-Muhaymin v. Jones,* 895 F.2d 1147 (6th Cir. 1990). The remaining defendants in this action are all located in the Western District of Michigan, and the claims arose in the Western District as well. Because proper venue lies in the district where all defendants reside, the Court shall transfer this matter to the Western District of Michigan.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendant White are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court transfer the court file to the United States District Court for the Western District of Michigan.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATE: May 27, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record and Jimmy L. Thomas, Reg. No. 371849, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 on May 27, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager