UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY LEWIS THOMAS,

        Plaintiff,                  Case No. 1:08-cv-497

v.

                                       Honorable Robert J. Jonker

PATRICIA CARUSO et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by Jimmy Lewis Thomas pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his action in the Eastern District of Michigan. The Eastern District transferred Plaintiff's action to this Court on venue grounds. In light of his indigence the Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is a former prisoner. He pleaded guilty in the Wayne County Circuit Court to assault with a dangerous weapon. The trial court sentenced him on September 16, 2005, to imprisonment of twenty-three months to four years. Plaintiff was discharged from prison on June 7, 2008, shortly after he filed this case. It appears that the events giving rise to his complaint primarily occurred while he was incarcerated at the Florence Crane Correctional Facility and the Ojibway Correctional Facility. In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, Officer (unknown) Cook, Officer (unknown) Flohaug, Sergeant Steve Buda, Warden Carol Howes, James Usitalo, Sergeant (unknown) Stepp, Dave McRae, Peter Yon and MDOC Prison Affairs Manager James Armstrong.[1]

Plaintiff's twenty-three-page complaint is rambling and difficult to follow. He generally alleges a conspiracy on the part of the state trial court and prison officials to prevent him from accessing the courts to challenge his criminal conviction. He also alleges that prison officials retaliated against him for his legal activities. The following passage, taken verbatim from the complaint, is illustrative of Plaintiff's allegations:

> I became well known as burdensome in my excruciating and painstaking attempts to undo this inexcusable railroading and insidious and inscrutably strange treatment from prison officials in the justice system all because I tried to seek justice. The retaliation from prison guards and staff and their numerous deployed tactics started with bogus ticket writing(s) and refusal to send my legal mail and then I was eventually arrested on the prison yard one day because I refused to continue to go to the prison(s) unconstitutional stet-up kangaroo court. I was put in segregation in November 2006. I was rode out to (Florence Crane Prison) in Coldwater, Mich. since I refused the state's offer of (boot camp) and had become in tuned to the color

---

[1] Plaintiff also sued Jeff White. The Eastern District issued an opinion and order on May 27, 2008, dismissing Defendant White for failure to state a claim and transferring Plaintiff's action because venue is proper in this Court.

>   of law and conspiratorial tactic(s) from prison officials, Wayne County officials and not to mention my studying of the law and my case and how I was railroaded by "sham" proceeding(s) and due process violations etc. Not to mention my actual innocence and how Wayne County falsified my confession to a crime that (never) occurred (insufficient evidence). In November 2006, I was transported to Florence Crane Prison a level I prison where I continued to persevere [sic] relief from my unlawful imprisonment. The state appellate attorney's incompetence, misrepresentations, and intentional (Ignorantia Juris) is all a part of the elaborate scheme strategically devised by Wayne County Judge Cynthia G. Hathaway et al. to keep me systematically oppressed.

(Compl., 6-8, docket #1.) Plaintiff's specific allegations against the named Defendants will be discussed in greater detail below. For relief, Plaintiff asks for a trial in the federal court and an unspecified amount of monetary damages to be determined by the Court.

## II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   **Defendants Caruso, Armstrong and Howes**

In his complaint, Plaintiff claims that Defendant Caruso "has failed to act and assert supervisory obligated powers to curb the patterns of neglect and abuse of employees under her direction." (Compl., 2.) Plaintiff similarly claims that Defendant Armstrong failed to act in

response to Plaintiff's complaints regarding staff conduct. With regard to Warden Howes, Plaintiff claims that she failed to investigate or discipline Defendant Cook after the alleged incident of sexual harassment. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, __ F.3d __, 2008 WL 2444809, at *6 (6th Cir. June 19, 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 2008 WL 2444809, at *6; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege or show that Defendants Caruso, Armstrong or Howes engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

B. **Defendants Cook and Stepp**

Plaintiff alleges that while he was incarcerated at the Florence Crane Correctional Facility, "Officer Cook pulled my shorts and underwear down to my ankles in the chow hall." (Compl., 8.) Plaintiff provides no further details regarding the incident other than it occurred in plain view of the cameras and other prisoners. Plaintiff claims that Cook's conduct constituted "sexual harassment." A claim of sexual harassment implicates a prisoner's Eighth Amendment right against cruel and unusual conduct. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe

physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted).  "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain).  Some courts, including the Sixth Circuit, also have held that even minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation.  *See, e.g., Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11,

2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault).

Plaintiff's allegations against Defendant Cook do not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Cook made any comments of a sexual nature or had any physical contact with Plaintiff, other than pulling down his pants. The facts asserted in the complaint do not support Plaintiff's claim that Cook was acting with a sexual purpose. Moreover, it seems highly unlikely that Cook would seek sexual gratification in the middle of the chow hall in plain view of the cameras and other prisoners. While it is unclear why Cook pulled down Plaintiff's pants, the isolated incident described by Plaintiff fails to state a claim against Officer Cook.

After the incident involving Officer Cook, Plaintiff claims that he went to Defendant Stepp, who took Plaintiff to the control center. Plaintiff alleges that he "was held at the control center and held there [for] four hours against my will." (Compl., 9.) Plaintiff claims that he was held in the control center to deter him from complaining about the alleged sexual harassment by Officer Cook. Plaintiff further claims that Stepp failed to conduct a proper investigation of the incident.

Plaintiff's allegations against Defendant Stepp fail to state a federal claim. Plaintiff's four-hour stay in the control room did not impose an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life," and, thus, did not involve a deprivation of a liberty interest protected by the due process clause. *See Sandin v. Conner*, 515 U.S. 472, 483

(1995). Plaintiff's allegations also fail to implicate the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Plaintiff does not allege that Defendant Stepp used any physical force whatsoever, let alone force that "involve[d] the unnecessary and wanton infliction of pain." Moreover, as discussed above, Stepp's alleged failure to investigate the conduct of a subordinate officer is not active unconstitutional behavior for which he can be held liable under Section § 1983. *See Grinter*, 2008 WL 2444809, at *6; *Greene,* 310 F.3d at 899.

                    C.      **Defendants Flohaug and Buda**

Plaintiff claims that Defendants Flohaug and Buda planted a razor blade in Plaintiff's cell and then charged him with a major misconduct violation for possessing a weapon. Plaintiff contends that Defendants' purpose in planting the weapon in his cell was to have him sent to a higher security level facility where he would be further impeded from pursuing justice in his criminal case. The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction*

*or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim

would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[2]

Plaintiff does not allege that his misconduct conviction for possessing a weapon has been invalidated. Accordingly, Plaintiff's § 1983 claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

D. **Defendant Usitalo**

While Defendants Usitalo is named as a Defendant in the caption of the complaint, I cannot find any reference to him in the body of Plaintiff's complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*,

---

[2]A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir. 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Because Plaintiff fails to even mention Defendant Usitalo in the body of his complaint, his allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Defendant Usitalo must be dismissed from this action.

E. **Defendants McRae and Yon**

Plaintiff claims that Defendants McRae and Yon failed to provide him with grievance forms and to investigate his grievances. Plaintiff has no due process right to a prison grievance process. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir.

2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

## Recommended Disposition

In light of the foregoing, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), for failure to state a claim upon which relief may be granted.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  August 28, 2008                             /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).